(74 South. 790)

No. 20868.

MEYERS et al. v. FUSILIER et al.

(March 12, 1917.)

(*Syllabus by the Court.*)

1. LIBEL AND SLANDER ⬅100(8)—PETITION— VARIANCE.

In a civil suit based on slander, there must not be a variance between the proof and the words alleged in the petition; but it is sufficient that the proof of publication is substantially the language charged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 262–272.]

2. LIBEL AND SLANDER ⬅121(2)—DAMAGES —AMOUNT.

The injury inflicted by a slander may not be reasonably estimated in dollars; but a judgment will not be rendered greater in amount than the slanderer can perhaps bear.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 354.]

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by Mrs. T. A. Meyers and others against Mrs. J. D. Fusilier and others. Judgment for plaintiffs for $250, and defendants appeal, and plaintiffs, answering, ask for an increase of the judgment. Affirmed.

Dubuisson & Robertson, of Opelousas, for appellants. Morton H. Thompson, of Opelousas, and Garland & Garland, of Ville Platte, for appellees.

SOMMERVILLE, J. Plaintiff claims $10,000 in damages from defendant for an alleged slander which is vile and unnecessary to be produced here.

Defendant excepted on the ground that the petition did not set forth the exact words of the alleged slander. Plaintiff amended her petition, and set out the exact words, without waiting for a trial of the exception. The defect in the original petition was thus cured. The case was tried without a jury; and there was judgment for plaintiff for $250. Defendant appealed; and plaintiff has answered, and asked for an increase of the judgment.

[1] Defendant argues that there was a variance between the alleged words of the slander and the proof. But the variance is so slight in the words of the slander as alleged and the words of the witnesses on the trial of the case that it cannot be held to be a variance. The words have been strictly proven. Defendant says in her brief that the two witnesses for plaintiff who testified to the slander by defendant "testified that the slander was published substantially as alleged." That was all that was necessary.

The trial judge was of the opinion that plaintiff had proved her case by a preponderance of evidence; and his finding is concurred in.

Two witnesses swore positively to the utterance of the slander by defendant, and their testimony was not impeached. Defendant denied the slander; and her very young sister-in-law, who was present only a part of the time when the two witnesses and defendant were together, says that she did not hear the language attributed to her older sister-in-law. A male witness testified that he, too, was present most of the time when the three women were together, and that he did not hear the words used by defendant. But the affirmative testimony is very positive and clear that the slander alleged was uttered by defendant.

[2] Plaintiff's prayer for an amendment of the judgment will not be granted. The trial

judge correctly says in his reasons for judgment:

"It would be impossible to fix upon any sum of money which would altogether make good the injury which has been inflicted by defendant upon plaintiff. Upon the other hand, a favorable judgment in the case is a vindication of the one and a rebuke to the other litigant; and I shall not add a penalty in money greater than the defendant can perhaps bear. There is no testimony that the defendant owns anything."

Affirmed.